# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

--------------------------------------------- x

In re                                             :     Chapter 11

THE COLONIAL BANCGROUP, INC.,                     :     Case No. 09-32303 (DHW)
                              Debtor.             :

--------------------------------------------- x

FEDERAL DEPOSIT INSURANCE                         :
CORPORATION, as Receiver for
COLONIAL BANK,                                    :

                              Movant,             :

               v.                                 :

THE COLONIAL BANCGROUP, INC,                      :

                              Respondent.         :

--------------------------------------------- x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Subject to the approval of the United States Bankruptcy Court for the Middle

District of Alabama, Northern Division (the "Court"), this Confidentiality Stipulation and

Protective Order ("Stipulated Order") is entered into among the debtor and debtor in possession

The Colonial BancGroup, Inc. (the "Debtor"), the Official Committee of Unsecured Creditors

(the "Committee") and the Federal Deposit Insurance Corporation, in its capacity as receiver for

Colonial Bank (the "FDIC-Receiver"), by their undersigned attorneys.

WHEREAS,

A.      On October 5, 2009, the FDIC-Receiver filed its Emergency Motion for an

Order Modifying the Automatic Stay [Doc. 156], and on January 22, 2010, the FDIC-Receiver

filed its Amended Motion for an Order Modifying the Automatic Stay [Doc. 499] (the "Stay

Relief Motion"). On November 5, 2009, the FDIC-Receiver filed its Motion for an Order (A) To Require Cure of Deficiencies Under 11 U.S.C. § 365(o) or (B) Converting Debtor's Bankruptcy Case to a Liquidation Under Chapter 7 of the Bankruptcy Code [Doc. 257] (the "365(o) Motion") (together, the "FDIC-Receiver Motions").

B.      The Parties have exchanged discovery requests with respect to the FDIC-Receiver Motions and discovery requests have been and will be issued to certain third parties. Documents and information produced in response to these and other discovery requests relating to the FDIC-Receiver Motions may implicate personal or business privacy concerns, including concerns relating to the privacy of customers of Colonial Bank, or laws governing confidentiality of bank regulatory information.

C.      Good cause exists to establish procedures for the designation and protection of "Confidential" or "Highly Confidential" discovery materials in connection with the FDIC-Receiver Motions and thereafter.

NOW THEREFORE, subject to the approval of the Court, the Parties by their undersigned counsel, hereby STIPULATE AND AGREE:

1.      **Definitions.**  In addition to the terms that are defined elsewhere in this Agreement, the following terms shall have the meanings ascribed to them below:

(a)      "Bank Regulatory Agency" includes the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency of the United States Department of the Treasury, the Board of Governors of the Federal Reserve System, the Federal Reserve Bank of Atlanta, Georgia, the State of Alabama Banking Department and the United States Department of the Treasury.  For purposes of this Stipulation and Order, Bank Regulatory Agency also includes any other agency or entity involved in

2

communications or deliberations with respect to the Troubled Asset Relief Program of the United States Department of the Treasury

(b)      "Bank Regulatory Information" means information, including Documents, created or obtained by any Bank Regulatory Agency in connection with the performance of its responsibilities (including, without limitation, Documents concerning supervision, regulation, and examination of Colonial Bank or The Colonial BancGroup, Inc. and Documents compiled in connection with the enforcement responsibilities of such agencies). The scope of Bank Regulatory Information includes information that current and former employees, officers, and agents of any Bank Regulatory Agency obtained or created in their official capacity, and shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or Documents that contain, reflect, or refer to Bank Regulatory Information.   Bank Regulatory Information does not include Confidential Bank Information to the extent that the Disclosure of Confidential Bank Information is prohibited by law.

(c)      "Conclusion of the FDIC Receiver Motions" shall mean the earlier to occur of:  (i) the date on which the order or orders of the Court adjudicating the merits of the FDIC Receiver Motions become Final Orders; or (ii) the date on which the order or orders of the Court approving a settlement of the FDIC Receiver Motions has become a Final Order.

(d)      "Confidential Bank Information" means any information the Disclosure of which is prohibited or limited in accordance with any banking privileges that may exist or any bank regulatory laws and regulations.

3

(e)      "<u>Confidential Information</u>" has the meaning set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  "Confidential Information" does not include any information that a Party has made publicly available.

(f)      "<u>Disclose</u>" or "<u>Disclosure</u>" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

(g)      "<u>Document</u>" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure.

(h)      "<u>Final Order</u>" shall mean an order or judgment of the Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has expired, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

(i)      "<u>Highly Confidential Information</u>" shall include (i) information about clients and customers of Colonial Bank, Montgomery, Alabama, including the banking activity of such clients and customers; (ii) any information protected from public Disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, or any other or similar state or federal law regarding the protection of private customer information (together, with (i), "Protected Client and Customer Information"); (iii) any

4

trade secret, and (iv) any Bank Regulatory Information. "Highly Confidential Information" does not include any information that a Party has made publicly available.

(j)     "Party" means the Debtor, the FDIC-Receiver or the Committee (including, for the Committee, its appointed members). In no event shall the term Party be construed to include any person that has filed a proof of claim in the Debtor's chapter 11 case, other than the FDIC-Receiver or the entities that are the appointed members of the Committee.

(k)     "Security" shall have the broadest meaning accorded to it by the Securities Exchange Act of 1934, including all stocks, bonds, options, derivatives, or other financial instruments including financial futures.

(l)     "Third Party" means any natural person, partnership, corporation or association, or other legal entity that is not a Party.

(m)     "Transaction" means any decision to purchase, sell, leverage, put, hedge, loan, pledge, use in connection with a derivative agreement, or short a Security (whether or not the transaction was consummated) and any other transaction similar to those referred to herein, including those decisions relating to any controlled account.

2.     **Permissible Use of Confidential and Highly Confidential Information.**

(a)     Permitted Disclosure. Confidential or Highly Confidential Information may be Disclosed only to those persons identified in ¶4 (a) and ¶ 4(b) respectively, below. Any person obtaining access to Confidential or Highly Confidential Information shall use that information only in and for purposes of the FDIC-Receiver Motions, and shall not use such Confidential or Highly Confidential Information for any other purpose, including, but not limited to, in furtherance of that person's business interests, in connection with any Transaction in any Securities, or in any administrative or other judicial proceeding, other than as specified

5

herein.  Highly Confidential Information may not be Disclosed except in accordance with this Stipulated Order.  If any person violates or threatens to violate any of the terms hereof, a Party may seek any appropriate relief from this or any other Court, including sanctions.  Any applicable Bank Regulatory Agency shall receive notice of such request for relief and be afforded an opportunity to be heard on the sanctions issues and may also seek appropriate injunctive relief.

(b)    Copies and Reproductions.  Confidential or Highly Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of proceedings with respect to the FDIC Receiver Motions, and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original Documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

(c)    Filing of Confidential Information.  Confidential Information, and any court papers (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations) containing or referring to Confidential Information, when relevant to a proceeding or motion, may be filed with the Clerk of the Court and need not be filed under seal. Highly Confidential Information must be filed under seal in accordance with this Stipulated Order.

(d)    Transactions in Securities.  The Parties understand that Documents and information produced in connection with the FDIC Receiver Motions may contain material, non-public information that may preclude a person in possession of such Documents or information from engaging in Transactions in Securities.  Nothing herein shall affect any Party's

6

or person's obligation to comply with applicable laws concerning the use of material, non-public information.

### 3.   Designation of Confidential or Highly Confidential Information.

(a)   Designation.   If a Party of Third Party believes in good faith that Documents or information constitute or contain Confidential Information or Highly Confidential Information, such Party or Third Party may designate Documents or information as Confidential or Highly Confidential by placing on or affixing to a Document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the Document.

(b)   Good Faith.   A designation of Documents as Confidential or Highly Confidential Information shall constitute a representation to the Court, made in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Stipulated Order.

(c)   Use in Transcripts and Depositions.   Transcripts of depositions taken in connection with the FDIC Receiver Motions shall be given the protections afforded Highly Confidential Information under this Stipulated Order for a period of ten (10) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties and Third Parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.   During the 10-day period in which Parties and Third Parties may determine whether to designate portions of a deposition transcript as Confidential or Highly Confidential, court papers that contain or refer to that deposition transcript must be filed under seal.   No more than ten (10) days after receipt of the complete deposition transcript, counsel for any of the Parties, Third Parties, or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly

7

Confidential Information by transcript page number. Such designation shall be communicated in writing to all Parties. Any Party, Third Party, or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

(d)     <u>Inadvertent Failure to Designate</u>. Inadvertent failure to designate Documents or information as Confidential or Highly Confidential at the time of production may be remedied if, within the latter of either (i) 30 days after such Documents or information was produced without the appropriate confidentiality stamp, or (ii) 10 days after a producing Party or Third Party receives notice of such a failure to designate. The producing Party or Third Party shall stamp such newly designated material as "Confidential" or "Highly Confidential" as appropriate. All Parties and Third Parties shall return to the producing Party or Third Party, or destroy, any unstamped copies of such Documents or information upon receipt of such Documents or information bearing the appropriate confidentiality stamp.

(e)     <u>Production of Duplicates</u>. In the event a Party or Third Party produces two or more identical or substantially identical copies of a Document or other material, and any copy is designated Confidential or Highly Confidential, while other copies are not so designated, all such identical or substantially identical Documents or other materials shall be treated as either Confidential or Highly Confidential as appropriate, to the extent the producing Party notifies the parties of the existence and bates numbers or other identifying information of such non-designated copies.

(f)     <u>Burden</u>. The burden of proving that any information is Confidential or Highly Confidential shall remain with the Party or Third Party making such designation.

8

4.    **Permissible Disclosure of Confidential and Highly Confidential Information.**

(a)    <u>Disclosure of Confidential Information</u>.  Confidential Information may be Disclosed only to:

i.    The Parties, current and former employees, officers or directors of the Parties, or any Third Party (to the extent the Third Party is producing the information), subject to the compliance of all such persons with the requirements of this Stipulated Order;

ii.    Counsel for the Parties, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with the FDIC Receiver Motions, but only to the extent reasonably necessary to render professional services;

iii.    Litigation support services, including outside copying services engaged by a Party or counsel for a Party in connection with the FDIC Receiver Motions;

iv.    Persons expected to be deponents, trial witnesses and hearing witnesses in connection with the FDIC Receiver Motions and counsel to such persons;

v.    Any person identified as an author of a Document designated as containing Confidential Information, or any person to whom a copy of such Document was sent prior to its production in discovery in connection with the FDIC Receiver Motions;

vi.    Court officials involved in the FDIC Receiver Motions;

vii.      Court reporting personnel involved in taking or transcribing testimony in connection with the FDIC Receiver Motions;

viii.      Any mediator or arbitrator engaged by the Parties or appointed by the Court;

ix.      Outside consultants, financial advisors or experts retained for the purpose of assisting counsel for a Party in connection with the FDIC Receiver Motions, subject to compliance with the requirements of ¶ 5(a).

(b)    <u>Disclosure of Highly Confidential Information</u>.  Highly Confidential Information may be Disclosed only to:

i.      The Parties, current and former employees, officers or directors of the Parties, or any Third Party (to the extent the Third Party is producing the information), subject to the compliance of all such persons with the requirements of this Stipulated Order;

ii.      Former employees, officers or directors of Colonial Bank, and officers or employees of any Bank Regulatory Agency, provided that counsel has a good-faith basis for believing that such persons had access to the Highly Confidential Information before such information was produced in discovery in connection with the FDIC Receiver Motions and provided that counsel must ascertain as soon as practicable whether such persons had such access, and provided that upon the first indication that such persons did not have such access, counsel must immediately refrain from any further Disclosure to such persons;

iii.      Counsel for the Parties and legal assistants, secretaries, staff or agents working with or for such counsel in connection with the FDIC

Receiver Motions, but only to the extent reasonably necessary to render services for or on behalf of such counsel;

   iv.  Litigation support services, including outside copying services engaged by a Party or counsel for a Party in connection with the FDIC Receiver Motions;

   v.  Persons expected to be deponents or testifying fact witnesses in connection with the FDIC Receiver Motions and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information before such information was produced in discovery in connection with the FDIC Receiver Motions, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further Disclosure to such witnesses;

   vi.  Any person identified as an author of a Document designated as Highly Confidential, or any person to whom a copy of such Document was sent prior to its production in discovery in connection with the FDIC Receiver;

   vii.  Court officials involved in the FDIC Receiver Motions only when required by Court rule or in connection with submissions to the Court, subject to the requirements of ¶ 6;

   viii.  Court reporting personnel involved in taking or transcribing testimony in connection with the FDIC Receiver Motions;

ix.     Any mediator or arbitrator engaged by the Parties   or appointed by the Court; and

x.     Outside consultants, financial advisors or experts retained for the purpose of assisting counsel for a Party in connection with the FDIC Receiver Motions, subject to compliance with the requirements of ¶ 5(a).

(c)     <u>Obligation of Receiving Party</u>.  Nothing in this Stipulated Order shall restrict the use or disclosure of Confidential or Highly Confidential Information by the person or Party that has produced and designated such Documents or information as Confidential or Highly Confidential Information.

5.     **<u>Confidential Undertaking.</u>**

(a)     <u>Condition of Receipt by Persons Described in Paragraph 4</u>.  Before any person described in ¶ 4(a) (ix) or ¶ 4(b) (x) above is given access to Confidential or Highly Confidential Information, the individual to whom Disclosure is to be made shall first read this Stipulated Order, and execute an Acknowledgment and Consent in the form attached hereto as Exhibit A.  Execution of such an Acknowledgement and Consent shall confirm the signatory's understanding of this Stipulated Order, willingness to be bound by the provisions of this Stipulated Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Stipulated Order by such means as the Court deems appropriate.  Copies of such agreements shall be held by counsel of record for the Party so disclosing the Confidential or Highly Confidential Information.  The agreements executed pursuant to this paragraph shall be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Stipulated Order.

(b)     <u>Obligation of Receiving Counsel</u>. Counsel for the Parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for

12

restricting Disclosure in accordance with the provisions of this Stipulated Order. All persons who have received Confidential or Highly Confidential Information shall take reasonable steps to ensure compliance with the requirements of this Stipulated Order.

6.    **Filing Highly Confidential Information.** Highly Confidential Information shall not be filed with the Clerk of the Court except when required by Court rule or in connection with motions or applications submitted to the Court. Any Highly Confidential Information, and any court papers containing or referring to Highly Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations), if filed, shall be filed under seal while in the Clerk's office as long as the Documents or information retain their status as Highly Confidential. Court papers filed under seal pursuant to this Stipulated Order shall have the following wording placed in italics at the top of the first page of the Document:

> *This submission contains Highly Confidential Information, access to which is governed by the Confidentiality Stipulation and Protective Order, entered _____ __, 2010.*

7.    **Challenges to Designation.**

(a)    <u>Procedure for Challenge.</u> Any Party may object to the designation by any other Party or Third-Party of any Documents as Confidential or Highly Confidential Information. Any such objection must be in writing to the counsel for the Parties and the objecting Party must request a conference to attempt to resolve the dispute. If the dispute is not resolved through this meet and confer process, the Party disputing the objection may seek appropriate relief from the Court. Any designation of Documents or information as Confidential or Highly Confidential Information shall remain in place until an order is entered by the Court upholding a challenge to such designation and any stay of the effectiveness of such order, including the 14-day stay provided for under the Bankruptcy Rules, shall have expired. In any

13

such challenge, a producing Party or Third Party shall have the burden to establish that grounds exist for the challenged designation. Nothing in this Stipulated Order shall be deemed an admission by any Party or Third Party as to the appropriateness or lack of appropriatateness of any designation of Documents or information as Confidential or Highly Confidential Information.

(b)    Failure to Challenge.   The Parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to Disclose such information to persons not referred to in ¶4 above.

8.    **Subpoenas Seeking Confidential or Highly Confidential Information.**
If any Party or person that has obtained Confidential or Highly Confidential Information under the terms of this Stipulated Order receives a subpoena or other legal process commanding the production of any such Documents or information (a "Subpoena"), such Party or person shall promptly notify the Party or person that designated Documents or information as Confidential or Highly Confidential of the service of the Subpoena. The Party or person receiving the Subpoena shall not produce any Confidential or Highly Confidential Information in response to the Subpoena without either the prior written consent of the Party or person that designated the Documents or information as Confidential or Highly Confidential, or the applicable Bank Regulatory Agency as to any Bank Regulatory Information, or an order of a court of competent jurisdiction ordering such production to occur. However, the Party or person that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed person or Party shall be relieved of its obligations under this paragraph.

14

9.      **Non-Waiver of Privileges.**

(a)     <u>No Waiver of Privilege</u>.  In accordance with the applicable Rules (including Federal Rule of Evidence 502(d)), Disclosure in the course of discovery of any Document or information (whether designated as confidential or not) shall not be deemed to waive whatever privilege or immunity from discovery that otherwise would attach to the Document or information produced or to other Documents or information, including without limitation the attorney-client privilege, the work product doctrine, the bank examination privilege, the deliberative process privilege, the common interest privilege or the joint defense privilege.  If any Party or Parties receives any information that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the person receiving such Documents or information shall provide immediate notice to the producing Party or Third Party of that fact, shall not review the apparently privileged information, and shall return any materials containing the apparently privileged information, as well as delete or destroy any copies of such materials.  If a producing Party or Third Party, promptly after discovery, notifies a receiving Party that it inadvertently produced or provided access to information that is subject to a good faith claim of privilege, upon such notice, the receiving Party shall not review the apparently privileged information, and shall return any materials containing the apparently privileged information, as well as delete or destroy any copies of such materials.

(b)     <u>Return of Documents; Presentation to Court</u>.  The return of any Documents claimed to be privileged shall not constitute an acknowledgment that the claimed Documents or information is in fact privileged or entitled to protections or immunity. The receiving Party may promptly present the information to the Court under seal for determination of the producing Party's claim that the Documents or information is privileged or

15

entitled to protections or immunity and retain a copy of the Document for this limited purpose until the Court resolves the claim of privilege.   The producing Party must preserve the information until the claim is resolved.

(c)   <u>No Waiver of Right to Withhold Based on Privilege Asserted</u>. Nothing herein shall affect any Party's or person's right or obligation to withhold from Disclosure Documents or information that are privileged or information that is otherwise protected from Disclosure, including without limitation Confidential Bank Information, or the right of any Party or person to challenge the withholding of such Documents or information.

(d)   <u>Circumstances Relating to Parties Other than Debtor and FDIC-Receiver</u>.   The Parties acknowledge that certain information protected by the attorney-client privilege may be appropriately Disclosed between, depending on the circumstances, the Debtor and the FDIC-Receiver but may not be Disclosed to other Parties or persons.   Such information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the Parties and the Court to govern the use and protection of such information.

10.   **12 U.S.C. Section 1828(x)- Nonwaiver of Privilege For Documents Disclosed to Banking Agency.**   Production of Documents under this Stipulated Order shall not remove the protections of 12 U.S.C. § 1828(x) to the extent they apply to a Document.

11.   **Use of Confidential or Highly Confidential Information In Other Documents.**   Any Documents, affidavits, recordings or transcripts which quote from or contain copies, excerpts or compilations, in whole or in part, of Confidential or Highly Confidential Material shall also be treated as confidential or highly confidential in the same manner as the Confidential or Highly Confidential Material and subject to this Stipulation.

12.   **Evidentiary Hearing.**   No later than five days before the commencement of any evidentiary hearing with respect to the FDIC Receiver Motions at which any Party intends

16

to use Highly Confidential Information, counsel for the Parties shall confer to determine whether the restrictions on filing of such material with the Court may be withdrawn as to specific Documents or information. If the Parties are unable to agree upon procedures for the use of such Highly Confidential Information at the evidentiary hearing, the Parties shall jointly request a conference with the Court to determine such procedures in advance of the commencement of the hearing.

13.     **Disposition of Confidential and Highly Confidential Information Upon Conclusion.**     Within 90 days of the Conclusion of the FDIC Receiver Motions, Confidential and Highly Confidential Information, including all copies, summaries and excerpts thereof, shall either be destroyed, returned to the producing Party's counsel or, if retained in accordance with the file retention policies of the receiving Party's counsel, shall be marked as being subject to this stipulation. The receiving Party's counsel shall be responsible for securing the return of all copies, summaries, and excerpts from experts, consultants, or other persons to whom the receiving Party's counsel has provided the Confidential and Highly Confidential Information. The receiving Party's counsel shall certify in writing compliance with the provisions of this paragraph.

14.     **Authorization.** The undersigned hereby each represent and warrant that he or she is authorized by his or its clients to sign this Stipulated Order on their behalf and to bind such clients legally to this Stipulated Order, subject to the entry of an order of the Court approving the Order.

15.   **Amendment of Order**.  The provisions of this Stipulated Order may be modified only by order of the Court for good cause shown.  Any Party or Third Party may request such modification.  Notwithstanding paragraph 13 hereof, the Parties may confer to determine whether the provisions of this Stipulated Order should be extended to discovery in connection with other disputes among the Parties.

Dated:  March 29, 2010

C. Edward Dobbs
edobbs@phrd.com
Rufus T. Dorsey, IV
rtd@phrd.com
Parker, Hudson, Rainier & Dobbs LLP
1500 Marquis Two Tower
Atlanta, Georgia  30303
(404) 523-5300

Attorneys for the Debtor
 The Colonial BancGroup, Inc.

Alan R. Glickman
Brian Pfeiffer
Schulte, Roth & Zabel LLP
919 Third Avenue
New York, New York  10022
(212) 756-2000

- and –

Robert B. Rubin
Marc P. Solomon
Burr Forman LLP
420 North 20th Street
Birmingham, Alabama  35203
(205) 251-3000

Attorneys for the
 Official Committee of Unsecured Creditors

18

15.   **Amendment of Order**.  The provisions of this Stipulated Order may be modified only by order of the Court for good cause shown.  Any Party or Third Party may request such modification.  Notwithstanding paragraph 13 hereof, the Parties may confer to determine whether the provisions of this Stipulated Order should be extended to discovery in connection with other disputes among the Parties.

Dated:  March 29, 2010

C. Edward Dobbs
edobbs@phrd.com
Rufus T. Dorsey, IV
rtd@phrd.com
Parker, Hudson, Rainier & Dobbs LLP
1500 Marquis Two Tower
Atlanta, Georgia  30303
(404) 523-5300

Attorneys for the Debtor
  The Colonial BancGroup, Inc.

Alan R. Glickman
Brian Pfeiffer
Schulte, Roth & Zabel LLP
919 Third Avenue
New York, New York  10022
(212) 756-2000

        - and –

Robert B. Rubin
Marc P. Solomon
Burr Forman LLP
420 North 20th Street
Birmingham, Alabama  35203
(205) 251-3000

Attorneys for the
  Official Committee of Unsecured Creditors

Michael A. Fritz, Sr.
michael@fritzandhughes.com
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, AL 36117
(334) 215-4422

- and -

Thomas R. Califano
John. J. Clarke, Jr.
Jeremy R. Johnson
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:     212-335-4500
Facsimile:     212-335-4501

Attorneys for the
  Federal Deposit Insurance Corporation,
  as Receiver for Colonial Bank


SO ORDERED:



United States Bankruptcy Judge

19

## EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

------------------------------------------x

In re                                     :    Chapter 11

THE COLONIAL BANCGROUP, INC.,             :    Case No. 09-32303 (DHW)

      Debtor.                            :

------------------------------------------x

FEDERAL DEPOSIT INSURANCE                 :
CORPORATION, as Receiver for
COLONIAL BANK,                            :

      Movant,                            :

    v.                                    :

THE COLONIAL BANCGROUP, INC,              :

      Respondent.                        :

------------------------------------------x

## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Confidentiality Stipulation and Protective Order (the "Stipulation") that has been entered by the Court in the above-captioned proceedings, and I understand its terms; (ii) I understand that discovery material designated as Confidential or Highly Confidential under the Order is being provided to me pursuant to the terms of the Stipulation; (iii) I agree to be fully bound by the provisions of the Stipulation, including its provisions restricting Disclosure of material designated as Confidential or Highly Confidential and limiting the use of such material to the conduct of the action; and (iv) I hereby submit to the jurisdiction of the Court (as identified in the Stipulation) for purposes of the enforcement of this Confidentiality Stipulation and Protective Order.

Dated: _____     Signature: _____

21