IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| In re:  )<br>)<br>THE COLONIAL BANCGROUP, INC.  )<br>)<br>    Debtor.  )<br>)  | Case Number 09-32303<br>Chapter 11 |
| )<br>FEDERAL DEPOSIT INSURANCE  )<br>CORPORATION, as Receiver for  )<br>Colonial Bank,  )<br>)<br>    Appellant,  )<br>)<br>    v.  )<br>)<br>THE COLONIAL BANCGROUP, INC.,  )<br>STATE OF ALABAMA DEPARTMENT OF  )<br>REVENUE, BRANCH BANKING & TRUST  )<br>CO., AND THE OFFICIAL COMMITTEE OF  )<br>UNSECURED CREDITORS OF THE  )<br>COLONIAL BANCGROUP, INC.,  )<br>)<br>    Appellees.  )<br>) | Civil Action No. 2:11-cv-133 MHT |

**BRIEF OF APPELLEE BRANCH BANKING & TRUST COMPANY
AND RESERVATION OF RIGHTS**

                              N. Christian Glenos
                              T. Parker Griffin, Jr.
                              Bradley Arant Boult Cummings LLP
                              One Federal Place
                              1819 Fifth Avenue North
                              Birmingham, AL 35203
                              (205) 521-8000

Dated:  April 26, 2011                      Attorneys for Branch Banking & Trust Co.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

BASIS OF APPELLATE JURISDICTION ........................................................................ 1

QUESTIONS PRESENTED AND STANDARD OF REVIEW....................................... 2

STATEMENT OF THE CASE............................................................................................ 3

SUMMARY OF THE ARGUMENT .................................................................................. 5

ARGUMENT......................................................................................................................... 6

    I.     Section 553(a) Ruling. ................................................................................... 6

    II.    Motion for Stay Relief Ruling. .................................................................... 9

    III.   Cash Collateral Ruling. ............................................................................... 10

CONCLUSION................................................................................................................... 11

CERTIFICATE OF SERVICE ......................................................................................... 12

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 362(d) ............................................................................................................. 5, 8, 9, 10

11 U.S.C. § 553(a) ................................................................................................................ 5, 9, 10

Ala. Code § 7-9A-104(a)(1) ............................................................................................................ 3

Ala. Code § 7-9A-314 ..................................................................................................................... 3

## BASIS OF APPELLATE JURISDICTION

BB&T adopts and incorporates by reference herein the basis of appellate jurisdiction as set forth in the Brief of Appellant Federal Deposit Insurance Corporation, As Receiver For Colonial Bank [Docket No. 15] (the "Appellant's Brief").[1]

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in Appellant's Brief.

## QUESTIONS PRESENTED AND STANDARD OF REVIEW

BB&T does not contest the questions presented and standard of review set forth in the Appellant's Brief.

1/2162627.2

**STATEMENT OF THE CASE**

BB&T does not contest the statement of the case set forth in the Appellant's Brief. BB&T asserts the following additional facts as relevant:

1. BB&T assumed the Debtor's deposit accounts with account numbers ending 1127, 3234, 5437, 5460, 5452, 5445, and 3218 (the "Accounts") pursuant to the *Purchase and Assumption Agreement* entered into by and between the FDIC, the FDIC-Receiver, and BB&T on August 14, 2009. [D.I. 499, Exh. B thereto].[2] BB&T has maintained and controlled these deposit accounts since that time. [D.I. 965 at ¶¶ 29-34]. As of the date of this filing, BB&T has not received a directive from the FDIC-Receiver that the Accounts are not "Assumed Deposits," as defined in the P&A Agreement, nor has BB&T received any directive from the FDIC-Receiver to return all or any portion of the Accounts. [D.I. 922 at ¶ 77; D.I. 965 at ¶ 40].

2. BB&T has a first priority security interest in those Accounts with account numbers ending 5437, 5460, 5452, 5445, 3234 and 3218 (defined in the Appellant's Brief as the "Other Accounts") pursuant to, among other things, an *Amended and Restated Security Agreement* dated January 1, 2009. [D.I. 156-1, Exh. A thereto]. BB&T's security interest is perfected given BB&T's "control" of the Accounts. See Alabama Code §§ 7-9A-314, 7-9A-104(a)(1).

3. The FDIC-Receiver has acknowledged BB&T's first lien position throughout the Debtor's bankruptcy case. [See e.g., D.I. 499, ¶ 21]. The FDIC-Receiver's motion for relief was not directed at the balances in the Accounts subject to and necessary to satisfy BB&T's secured claim, but was instead directed at any remaining, unencumbered balances after satisfaction of BB&T's secured claim. [D.I. 922, p. 20, n. 9].

---

[2] Citations to "D.I. __" refer to those filings on the bankruptcy court docket in the Debtor's chapter 11 bankruptcy, *In re The Colonial BancGroup, Inc.*, No. 09-32303 (DHW) (Bankr. M.D. Ala.), and which were included in the record on appeal. [*See* Docket Nos. 2-5].

3

1/2162627.2

4. The relief sought by the FDIC-Receiver in its motion for relief [D.I. 922] and in its Appellant's Brief is without prejudice to BB&T's perfected, first priority security interest in the Other Accounts.

## SUMMARY OF THE ARGUMENT

BB&T does not contest the summary of the argument set forth in the Appellant's Brief.

BB&T acknowledges that it is bound by the terms the P&A Agreement. However, BB&T wants to make clear that, as the Assuming Bank under the P&A Agreement, BB&T **did** assume the subject Accounts on August 14, 2009, and has maintained and controlled the Accounts since that date. And, as of the time of the filing of this brief, BB&T has not received any direction from the FDIC-Receiver that the subject Accounts do not constitute "Assumed Deposits," as defined in the P&A Agreement, nor has BB&T received any direction from the FDIC-Receiver to return all or any portion of the Accounts. Accordingly, BB&T continues to control and maintain the Accounts as Assumed Deposits under the P&A Agreement.

Additionally, BB&T has a perfected, first priority security interest in the "Other Accounts," as defined in Appellant's Brief, which the FDIC-Receiver has acknowledged since the outset of the Debtor's bankruptcy. The relief sought by the FDIC-Receiver pertains only to the unencumbered balances in the Accounts which are not necessary to satisfy BB&T's secured claim. Accordingly, the relief sought by the FDIC-Receiver in the Bankruptcy Case, and in this appeal, has no bearing upon and is without prejudice to BB&T's security interest in the Other Accounts. To the extent this Court reverses the Bankruptcy Court's ruling with respect to 11 U.S.C. § 553(a), such a ruling should be without prejudice to BB&T's perfected, first priority security interest in the Other Accounts. BB&T reserves all of its rights, interests and claims with respect to the Accounts.

BB&T takes no position as to the FDIC-Receiver's appeal of the Bankruptcy Court's ruling that the FDIC-Receiver's post-petition exercise of its rights under Section 9.5 of the P&A Agreement would result in the post-petition "incurrence" of debt, except to reserve all of its rights, claims, and interests in the Accounts as set forth herein.

5

## ARGUMENT

This appeal by the FDIC-Receiver involves three rulings by the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court") in the Debtor's Chapter 11 bankruptcy case, *In re The Colonial BancGroup, Inc.*, Case No. 09-32303 (the "Bankruptcy Case"). Specifically, the FDIC-Receiver appeals: (1) a memorandum opinion entered on January 24, 2011 in which the Bankruptcy Court ruled that a post-petition instruction from the FDIC-Receiver to BB&T to exclude the Accounts from the deposits assumed by BB&T under the P&A Agreement would constitute an incurrence of debt that prevents mutuality and bars setoff under 11 U.S.C. § 553(a) [D.I. 1050] (the "Section 553(a) Ruling"); (2) the corresponding order entered on January 24, 2011 denying the FDIC-Receiver's motion for stay relief under 11 U.S.C. § 362(d) to permit the FDIC-Receiver to exercise certain setoff rights [D.I. 1051] (the "Motion for Stay Relief Ruling"); and (3) an order entered on January 25, 2011 granting the Debtor's motion to use cash collateral and overruling the FDIC-Receiver's objection to that motion [D.I. 1053] (the "Cash Collateral Ruling").

**I.      Section 553(a) Ruling.**

BB&T takes no position on the FDIC-Receiver's appeal of the Bankruptcy Court's ruling that a post-petition instruction from the FDIC-Receiver to BB&T to exclude the Accounts from the deposits assumed by BB&T under the P&A Agreement would constitute an "incurrence" of debt that prevents mutuality and bars setoff under 11 U.S.C. § 553(a). See Section I of Appellant's Brief.

However, BB&T does want to clarify (and hereby reserves its rights, claims, and interests as necessary) that BB&T **did** assume the subject Accounts as part of the Assumed Deposits pursuant to the P&A Agreement dated August 14, 2009 – and the record is indisputably clear as to this. As set forth in the statement of stipulated facts filed by the FDIC-Receiver and the

6

Debtor [D.I. 965] (the "Stipulated Facts") with respect to the FDIC-Receiver's motion for stay relief made subject of this appeal [D.I. 922] (the "Motion for Relief"), BB&T assumed the Accounts pursuant to the P&A Agreement and has controlled and maintained the subject Accounts since that day.  Specifically, and without limitation, the Stipulated Facts (and the Section 553(a) Ruling incorporating these Stipulated Facts) acknowledge that:

> (1) Records relating to the Accounts were transferred to BB&T in connection with the closing under the P&A Agreement and are in possession of BB&T subject to the provisions of the P&A Agreement;
> (2) At all times after the Petition Date, BB&T prepared and sent out monthly account statements for the Accounts;
> (3) After the Petition Date, the Accounts were designated as "debtor in possession" accounts by BB&T;
> (4) Since the closing of Colonial Bank, BB&T has included the balances for the Accounts in statistics included within its quarterly reports to the Securities and Exchange Commission and its shareholders and in its quarterly Call Reports with bank regulators;
> (5) Since the closing of Colonial Bank, BB&T has included the balances of the Accounts in calculating its deposit insurance premiums paid to the FDIC; and
> (6) Since the closing of Colonial Bank, the Accounts have been on the BB&T deposit platform.

[D.I. 965 at ¶¶ 29-34].  Any assertions by the FDIC-Receiver (or any other party) that BB&T did not assume the Accounts, or that the Accounts "were never assumed" by BB&T, are false as established by the clear evidence in the record.

BB&T does acknowledge that the Accounts are subject to whatever contractual rights the FDIC-Receiver retained under the P&A Agreement.  Specifically, BB&T recognizes that Section 9.5 of the P&A Agreement provides that the FDIC-Receiver may at any time "determine that all or any portion of any deposit balance *assumed* by the Assuming Bank pursuant to this Agreement does not constitute a 'Deposit'" and that the FDIC-Receiver "may direct the Assuming Bank to withhold payment of all or any portion of any such deposit balance."  [D.I. 499, Exh. B, pp. 34-35] (italics added).  BB&T further recognizes that Section 9.5 of the P&A

7

Agreement provides that the FDIC-Receiver can direct BB&T to "return all or any portion of such deposit balance to the Receiver or the Corporation, as appropriate." Id.

However, as admitted by the FDIC-Receiver, the FDIC-Receiver has not issued any directive to BB&T that the Accounts are no longer Assumed Deposits under the P&A Agreement, nor has the FDIC-Receiver instructed BB&T to return all or any portion of the Accounts. See Appellant's Brief, pg. 29 ("However, the FDIC-Receiver refrained from sending an instruction to BB&T excluding the Accounts from the deposits assumed (as it had done with the TBW accounts) because it was still investigating…").[3] In fact, the FDIC-Receiver's Motion for Relief is premised on the very fact that it has not made any such instruction to date, and that it seeks relief from stay in order to make such an instruction. See Motion for Relief, D.I. 922, pg. 28, ¶ 77 ("Before the Debtor's petition date, a hold was in place and the FDIC-Receiver was taking steps to investigate whether all or a portion of the balances held in the Accounts should be excluded from the 'Deposits' *that were assumed by BB&T*. This motion merely requests modification of the automatic stay (to the extent that the Court concludes the stay even applies) to allow the FDIC-Receiver to complete that process and exercise its established setoff rights against those balances."). (italics added).

If the FDIC-Receiver were to make any such directive/instruction with respect to the Accounts, BB&T takes no position as to the legal effect of any such directive/instruction as it pertains to the FDIC-Receiver's right of setoff under Section 553(a), except as to reserve its rights and interests in the Pledged Accounts (defined below, and defined in the Appellant's Brief as the "Other Accounts") as discussed in Section II below.

---

[3] While the Accounts have been subject to an administrative hold at the FDIC-Receiver's direction since August 17, 2009, BB&T has nevertheless continued to control and maintain the Accounts as Assumed Deposits under the P&A Agreement since August 14, 2009.

8

## II.     Motion for Stay Relief Ruling.

With respect to the FDIC-Receiver's appeal of the Bankruptcy Court's ruling that the FDIC-Receiver is not entitled to relief from the automatic stay under 11 U.S.C. § 362(d) [See Section II of Appellant's Brief], BB&T takes no position except to reserve its rights, claims, and interests in certain deposit accounts of the Debtor, defined below as the Pledged Accounts.[4] BB&T's rights, claims, and interests in the Pledged Accounts are more fully described in BB&T's "Response to the FDIC-Receiver's Motion for Order Modifying the Automatic Stay" filed in the Bankruptcy Court below and attached as Exhibit A hereto.

In sum, BB&T holds a perfected, first-priority security interest in the balances of those certain Accounts ending in 5437, 5460, 5452, 5445, 3234 and 3218 (the "Pledged Accounts")[5] [See Statement of the Case, *supra*, ¶ 2]. The FDIC-Receiver has consistently acknowledged BB&T's security interest in the Pledged Accounts since the beginning of the Debtor's bankruptcy, and once again recognized BB&T's security interest in its Motion for Relief. See Motion for Relief, D.I. 922, p. 9, ¶ 27 ("BB&T holds a security interest in certain funds in the Accounts pursuant to an Amended and Restated Security Agreement dated January 1, 2009 (the 'Security Agreement')").

Moreover, with respect to these Pledged Accounts, the FDIC-Receiver sought to exercise setoff rights only with respect to the *unencumbered* balances in these accounts – i.e., the balances remaining in the Pledged Accounts *after* the payment of BB&T's secured claim. Id., p. 20, n.9 ("The FDIC-Receiver does not seek to setoff against the portion of the Account balances that secure the Debtor's obligations under the Security Agreement."). Thus, the FDIC-Receiver's

---

[4] The Pledged Accounts were included in the Accounts assumed by BB&T pursuant to the P&A Agreement, and have been controlled and maintained by BB&T since August 14, 2009.

[5] The Pledged Accounts are defined as the "Other Accounts" in the Appellant's Brief. To avoid confusion, the Pledged Accounts are being referred to using their Colonial Bank account numbers.

9

Motion for Relief did not impact BB&T's substantive rights in the Pledged Accounts in any way. Accordingly, any ruling by this Court on the FDIC-Receiver's Motion for Relief should be without prejudice to BB&T's rights in the Pledged Accounts.

Finally, the Bankruptcy Court's Order Denying Motion for Relief from Stay was based solely on its finding that the FDIC-Receiver does not have a valid setoff rights against the Debtor under Section 553(a). See D.I. 1050, 1051. Accordingly, in the event this Court reverses the Bankruptcy Court's ruling and determines that the FDIC-Receiver does in fact possess a meritorious claim against the Debtor under Section 553(a), then this Court should remand the FDIC-Receiver's Section 362(d) Motion for Relief to the Bankruptcy Court for further proceedings thereon.

BB&T reserves all rights, interests and claims with respect to the Pledged Accounts.[6]

### III.     Cash Collateral Ruling.

BB&T takes no position on the FDIC-Receiver's appeal of the Bankruptcy Court's ruling granting the Debtor's motion to use the balance in the 1127 Account and overruling the FDIC-Receiver's objection to that motion. See Section III of Appellant's Brief.

---

[6] BB&T has filed its own motion pursuant to Section 362(d) requesting relief from the automatic stay to enforce its remedies with respect to the Pledged Accounts, which motion is currently stayed pending the resolution of *The Colonial BancGroup, Inc. v. Branch Banking and Trust Company*, Case No. 2:11-AP-3022 (DHW) (Bankr. M.D. Ala.).

## **CONCLUSION**

BB&T assumed the Accounts, which include the Pledged Accounts, pursuant to the P&A Agreement dated August 14, 2009, and has controlled and maintained these deposit accounts since that time. While the Accounts have been subject to an administrative hold at the direction of the FDIC-Receiver on August 17, 2009, the FDIC-Receiver has not instructed BB&T that the Accounts are not Assumed Deposits under the P&A Agreement, nor has the FDIC-Receiver directed BB&T to return all or any portion of the Accounts to the FDIC-Receiver.

To the extent this Court reverses the Bankruptcy Court's ruling against the FDIC-Receiver with respect to its setoff rights under 11 U.S.C. § 553(a), BB&T requests this Court to remand the FDIC-Receiver's Motion for Relief to the Bankruptcy Court for further proceedings thereon. At minimum, any order in favor of the FDIC-Receiver in this appeal with respect to its setoff rights under 11 U.S.C. § 553(a) and/or its rights to stay relief under 11 U.S.C. § 362(d), should expressly recite that it is *without prejudice* to BB&T's rights, claims, and interests in the Pledged Accounts given that the FDIC-Receiver's Motion for Relief was by its own terms expressly limited to the portions of the Pledged Accounts that are not needed to pay BB&T's secured claim. BB&T requests such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ N. Christian Glenos
N. Christian Glenos
T. Parker Griffin, Jr.
Attorneys for Branch Banking and Trust Co.

**OF COUNSEL:**
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Email: cglenos@babc.com
Email: pgriffin@babc.com

11

**CERTIFICATE OF SERVICE**

      It is hereby certified that the foregoing has been served electronically to the persons who appear below via the CM/ECF system, by electronic mail or by regular U.S. mail on this 26th of April, 2011:

C. Edward Dobbs
Rufus T. Dorsey, IV
J. David Freedman
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
ced@phrd.com
rtd@phrd.com
jdf@phrd.com

W. Clark Watson
Balch & Bingham, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
cwatson@balch.com

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer D. Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Thomas.califano@dlapiper.com
John.clarke@dlapiper.com
Michael.hynes@dlapiper.com
Spencer.stiefel@dlapiper.com

Mark Douglas Griffin
State of Alabama Dept. of Revenue
Legal Division
PO Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov

Michael A. Fritz, Sr.
Fritz & Hughes, LLC
7020 Fain Park Drive, Suite 1
Montgomery, AL 36117
bankruptcy@fritzandhughes.com

Brian D. Pfeiffer
Alan R. Glickman
Brian T. Kohn
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Brian.pfeiffer@srz.com
Alan.glickman@srz.com
Brian.kohn@srz.com

Marc Peter Solomon
Derek Firth Meek
Robert Barton Rubin
Burr & Forman LLP
420 North 20th Street
3400 Wachovia Tower
Birmingham, AL 35203
msolomon@burr.com
dmeek@burr.com
brubin@burr.com

Gus Small
Brent Herrin
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339
gsmall@cpmas.com
bherrin@cpmas.com


      /s/ N. Christian Glenos
      OF COUNSEL

12