## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

In re:


**THE COLONIAL BANCGROUP, INC.,**

        **Debtor.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**

        **Appellant**

        **v.**

**THE COLONIAL BANCGROUP, INC., et al.,**

        **Appellees.**

**Case No.  2:11-cv-0133 (MHT)**

**Bankruptcy Appeal**

## JOINT MOTION OF THE COLONIAL BANCGROUP, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO STRIKE PORTIONS OF THE FDIC'S REPLY BRIEF

C. Edward Dobbs
Rufus T. Dorsey, IV
J. David Freedman
**PARKER, HUDSON, RAINER & DOBBS LLP**
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone:  404-523-5300
Facsimile:  404-522-8409

*Attorneys for the Debtor and*
*Debtor in Possession*

Alan R. Glickman
Brian D. Pfeiffer
Brian T. Kohn
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York  10022
Telephone:  212-756-2000
Facsimile:  212-593-5955

Robert B. Rubin
Marc P. Solomon
**BURR FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  205-251-3000
Facsimile:  205-244-5733

*Attorneys for the Official Committee*
*of Unsecured Creditors*

Dated:  May 26, 2011

1

Appellees The Colonial BancGroup, Inc. (the "Debtor") and the Official

Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee")

respectfully submit this motion to strike portions of the reply brief [Doc. No. 30] (the "Reply")

of the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank (the "FDIC").

The FDIC has never before—not in its opening brief on this appeal or in the

proceedings before the Bankruptcy Court—made the argument that has become the lead

argument in its Reply.  The FDIC's belated argument is that the Debtor's bank accounts were

only "delegated" to Branch Banking & Trust Company ("BB&T")—not transferred to and

assumed by BB&T as found by the Bankruptcy Court[1] and as adamantly asserted by BB&T[2]—

and that the FDIC, as a "surety," only wishes to now "revoke its delegation."  (Reply at 1, 3-5.).

This delegation theory is conspicuously absent from the FDIC's opening brief [Doc No.15],

which does not so much as mention the words "delegate," "delegation," "surety" or "revocation."

None of the authorities cited by the FDIC in the Reply for the FDIC's new claim were cited in

the FDIC's opening brief.  As such, the FDIC opening brief does not remotely make the FDIC's

new argument.

Indeed, the FDIC's omission runs considerably deeper than just its opening brief.

The FDIC's new argument was never even made to the Bankruptcy Court in the first instance.

The claim that by virtue of common law BB&T was a mere delegatee and the FDIC was a surety

is made in none of the FDIC's papers below, including the FDIC's briefs [Bankr. Doc. Nos. 156,

499, 728, 922], the joint stipulation of facts that was submitted by the parties at the request of the

---

[1] The bankruptcy court found that "a plethora of stipulated facts show that BB&T assumed liability for the debtor's deposits under the P&A Agreement."  [Bankr. Doc. No. 1050 at 16.]

[2] BB&T has been unwavering in its position that it assumed the deposit accounts, is liable therefore and has a line on the accounts perfected by virtue of possession thereof  (*see*, *e.g.*, Doc. No. 25 at 3, ¶¶ 1-2), not through some delegation.

Bankruptcy Court [Bankr. Doc. No. 965], the FDIC's supplemental statement of facts that the FDIC said were in dispute [Bankr. Doc. No. 983], and the transcript of the December 14, 2010 hearing before the Bankruptcy Court [Doc. No. 15-4]. The FDIC's new argument simply appears nowhere in the record below.

The absence of this delegation argument is not surprising. It flies in the face of the undisputed facts asserted by BB&T—the counterparty to the Purchase and Assumption Agreement (the "P&A Agreement") with the FDIC—that BB&T purchased Colonial Bank's assets, assumed its liabilities, sent notice to all of Colonial Bank's depositors that BB&T was now their depository bank as of August 14, 2009, and holds a perfected lien on the Debtor's deposits to secure obligations allegedly owed by the Debtor. BB&T, unsurprisingly, has never advanced an argument that even resembles the FDIC's delegation theory because it would mean that BB&T could not, by logic or law, hold a perfected lien on the Debtor's deposits, a lien it repeatedly trumpets in the Bankruptcy Court and is the subject of BB&T's own motion for relief from the stay. [Bankr. Doc. No. 1013.] This delegation argument also has no basis in the text of the P&A Agreement which is devoid of any reference to delegation, suretyship or revocation of delegation.

Despite never having made its delegation/surety argument below, or in its opening brief, the FDIC makes it a lead argument in its Reply and even goes so far as to say that the Debtor has admitted the validity of this argument (a curious assertion given that this argument cannot be found in a single prior pleading).[3] Appellees respectfully submit that the FDIC should

---

[3] The FDIC cites the Debtor's complaint pending before this Court seeking certain claims in the FDIC receivership as an admission of the "delegation theory" that is nowhere to be found in its pleadings on the motion for relief from stay prior to this Reply (Reply at 4-5). Contrary to the FDIC's assertion, the Debtor's claim is no admission that the FDIC retained any obligations with respect to the Debtor's accounts after they were transferred to BB&T. As the FDIC's brief itself reflects, the Debtor's claim in the FDIC receivership was expressly contingent on the FDIC asserting purported rights under the P&A Agreement, such as to take the Debtor's accounts back.

not be permitted to inject this argument into the appeal and thus expand the issues beyond anything that was before the Bankruptcy Court.

### A. The FDIC's New Argument Should Be Stricken Because the FDIC Waived it By Not Raising it Below.

It is well established in this Circuit that an argument not raised below cannot be raised on appeal. *See Busson-Sokolik v. Milwaukee School of Eng'g (In re Busson-Sokolik)*, 635 F.3d 261, 268 (7th Cir. 2011) (deeming argument waived because the court found that appellant did not raise it in the bankruptcy court); *see also Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered."). An appellant should not be allowed to argue a different case from the case presented to the trial court, in this case the bankruptcy court. *Access Now, Inc.*, 385 F.3d at 1326-37; *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 768-69 (11th Cir. 1998). As recognized in *Access Now, Inc.*, the reason for this prohibition is simple. Appellate courts review claims of judicial error in the trial courts. If appellate courts were to regularly address questions that the trial court never had a chance to examine, appellate courts would not only waste resources, "but also deviate from the essential nature, purpose, and competence of an appellate court." 385 F.3d at 1331.

The FDIC filed at least four pleadings in the Bankruptcy Court in support of its request for relief from the automatic stay (*see*, *e.g.*, Bankr. Doc. Nos. 156, 499, 728, 922). None of those briefs make the argument that the FDIC is now advancing. Appellees respectfully submit that for this reason alone the argument must be stricken and disregarded.

### B. The FDIC's New Argument Should Be Stricken Because the FDIC Did Not Raise it in Its Opening Brief.

Alternatively, the Debtor and Committee respectfully request that the Court should summarily strike the delegation argument from the Reply because the FDIC did not raise

the argument in its opening brief, or cite any of the authorities it now invokes to support it..
(Reply at 1, 3-4.)  It is well settled in this Circuit that an appellant is not permitted to make new arguments for the first time on reply, and the appropriate remedy is to strike such arguments. *See Willard v. Fairfield Southern Co., Inc.*, 471 F.3d 817, 825 n.4 (11th Cir. 2006) ("Because Willard did not clearly argue a right of control theory in his initial appellate brief, we will not consider it, and we grant the motion to strike this portion of Willard's reply brief."); *Tallahassee Mem'l Regional Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) (striking new arguments made in reply brief); *Alexander v. Delong (In re Terry Mfg. Co., Inc.)*, Nos. 03-32063-WRS, 03-32213-WRS, 2007 WL 4287366, *3 (M.D. Ala. Dec. 5, 2007) ("It is improper to raise a new argument in a reply brief because doing so denies the non-movant the opportunity to respond.").  The remedy of striking this argument is tailor-made for just this type of situation where the appellant seeks to expand its arguments in the final reply brief rather than have to rely on unsuccessful arguments made in its opening brief.

Should the Court determine that it will consider the FDIC's new argument, even though it was not made in the FDIC's opening brief, Appellees respectfully request leave to file a sur-reply to respond to that argument.  *See, e.g., First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed.Appx. 777, 788 (11th Cir. 2008) ("[A] district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief.") (internal quotations omitted); *St. James Enter. LLC v. Dash Crofts*, No. 1:09-CV-1975, 2010 WL 2802616, at *1 (N.D.Ga. July 13, 2010) (granting motion to file sur-reply to respond to case law not cited by movant in its opening brief).

## <u>CONCLUSION</u>

Appellees' motion is narrow, being addressed solely to the FDIC's new "delegation" theory, which appears in Section I.A.1 (Reply at 3-5), in the Preliminary Statement (Reply at 1), and in the FDIC's argument set forth in Section I.B regarding the policy underlying Section 553(a) of the Bankruptcy Code (Reply at 10). Although that theory is the lead argument in the FDIC's Reply, the FDIC does make other arguments therein. While Appellees do not believe those arguments in any way gainsay the points made in Appellees' Opposition Brief, Appellees do not contend that they are inappropriate for a reply brief and do not seek to address them in this motion. However, for all of the foregoing reasons, Appellees respectfully submit that the FDIC's new argument is inappropriate and should be stricken.

## <u>CERTIFICATION</u>

Pursuant to Rule II.C.3 of this Court's Administrative Procedures, Attorney Marc P. Solomon certifies that he has the express permission and agreement of counsel for the Debtor to affix the electronic signature of Rufus T. Dorsey, IV hereon and further certifies that the Debtor and Committee are in agreement on the relief requested herein.

DATED:  May 26, 2011

Respectfully submitted,

/s/ Rufus T. Dorsey, IV
C. Edward Dobbs
Rufus T. Dorsey, IV
J. David Freedman
**PARKER, HUDSON, RAINER & DOBBS LLP**
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone:  404-523-5300
Facsimile:  404-522-8409

1920240 v1

*Attorneys for the Debtor and*
*Debtor in Possession*

/s/ Marc P. Solomon
Robert B. Rubin
Marc P. Solomon
**BURR FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-244-5733

- and -

Alan R. Glickman
Brian D. Pfeiffer
Brian T. Kohn
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212-756-2000
Facsimile: 212-593-5955

*Attorneys for the Official Committee of*
*Unsecured Creditors*

1920240 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 26th day of May, 2011:

**Thomas R. Califano**
**John J. Clarke, Jr.**
DLA Piper LLP
1251 Avenue of the Americas
New York, NY 10020
thomas.califano@dlapiper.com
john.clarke@dlapiper.com

**Michael Aaron Fritz, Sr.**
Fritz Hughes & Hill, LLC
1784 Taliaferro Trail, Suite A
Montgomery, AL 36117
bankruptcy@fritzandhughes.com

**Nicholas Christian Glenos**
**Thomas Parker Griffin, Jr.**
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
cglenos@ba-boult.com
pgriffin@babc.com

**Mark Douglas Griffin**
State of Alabama Dept. of Revenue
Legal Division
PO Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov

/s/ Marc P. Solomon
OF COUNSEL

1920240 v1