## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>**THE COLONIAL BANCGROUP, INC.,**<br><br>    Debtor.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**<br><br>    Appellant,<br><br>    v.<br><br>**THE COLONIAL BANCGROUP, INC., et al.,**<br><br>    Appellees. | Case No. 2:11-cv-0133 (MHT)<br><br>**Bankruptcy Appeal** |

### MEMORANDUM OF POINTS AND AUTHORITIES OF APPELLANT FDIC-RECEIVER IN OPPOSITION TO MOTION TO STRIKE PORTIONS OF ITS REPLY BRIEF ON APPEAL

        Michael A. Fritz, Sr.
        michael@fritzandhughes.com
        Fritz, Hughes & Hill LLC
        1784 Taliaferro Trail, Suite A
        Montgomery, Alabama 36117
        (334) 215-4422

        John J. Clarke, Jr.
        Thomas R. Califano
        DLA Piper LLP (US)
        1251 Avenue of the Americas
        New York, New York 10020-1104
        (212) 335-4500

Dated: June 13, 2011        Attorneys for the
         Federal Deposit Insurance Corporation,
         as Receiver for Colonial Bank

## **Table of Contents**

Page

Table of Authorities .................................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT:  THE MOTION TO STRIKE SHOULD BE DENIED ....................................... 3

I.  THE FDIC-RECEIVER DID NOT WAIVE THE ARGUMENT AT ISSUE IN ITS APPELLATE BRIEFING ................................................................................. 3

II.  AN APPELLATE COURT MAY, AND MUST, CONSIDER A PERTINENT QUESTION OF LAW EVEN IF NOT RAISED IN THE PROCEEDINGS BELOW ................................................................................................................. 6

III.  THE FDIC-RECEIVER SHOULD BE PERMITTED TO RESPOND TO ANY SURREPLY THAT THIS COURT MIGHT ALLOW ...................................... 9

CONCLUSION ......................................................................................................................... 10

## Table of Authorities

Page

Cases

*Access Now, Inc. v. Southwest Airlines Co.,*
   385 F.3d 1324 (11th Cir. 2004) ..................................................................................8

*Alexander v. Delong, Caldwell, et al. (In re Terry Mfg. Co., Inc.),*
   No. 2:07-cv-0620, 2007 WL 4287366 (M.D. Ala. Dec, 5, 2007)............................5

*Allstate Ins. Co. v. Swann,*
   27 F.3d 1539 (11th Cir. 1994) ......................................................................1, 3, 4, 5

*Beckwith v. City of Daytona Beach Shores, Fla.,*
   58 F.3d 1554 (11th Cir. 1995) ..................................................................................7

*Bouchard Transp. Co. v. Florida Dep't of Envtl. Prot.,*
   91 F.3d 1445 (11th Cir. 1996) ..................................................................................5

*Busson-Sokolik v. Milwaukee Sch. of Eng'g (In re Busson-Sokolik),*
   635 F.3d 261 (7th Cir. 2011) ....................................................................................8

*Dean Witter Reynolds Inc. v. Fernandez,*
   741 F.2d 355 (11th Cir. 1984) ............................................................................ 2, 6-8

*Empire Life Ins. Co. of Am. v. Valdak Corp.,*
   468 F.2d 330 (5th Cir. 1972) ................................................................................7, 8

*Eskra v. Provident Life & Accident Ins. Co.,*
   125 F.3d 1406 (11th Cir. 1998) ................................................................................5

*Hormel v. Helvering,*
   312 U.S. 552 (1941)................................................................................................2, 7

*In re Washington Capital Aviation & Leasing,*
   156 B.R. 167 (Bankr. E.D. Va. 1993)......................................................................3

*Irving v. Mazda Motor Corp.,*
   136 F.3d 764 (11th Cir. 1998) ..................................................................................8

*Nat'l Ass'n of Boards of Pharmacy v. Board of Regents of the Univ. Sys. of Ga.,*
   633 F.3d 1297 (11th Cir. 2011) ............................................................................2, 5

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.,*
   622 F.3d 1307 (11th Cir. 2010) ................................................................................5

Page

*Roofing & Sheet Metal Svcs., Inc. v. La Quinta Motor Inns, Inc.*,
   689 F.2d 982 (11th Cir. 1982) ................................................................................. 2, 6-8

*Tallahassee Mem. Reg'l Med. Ctr. v. Bowen,*
   815 F.2d 1435 (11th Cir. 1987) ........................................................................................5

*Transp. & Transit Assocs. v. Morrison Knudsen Corp.,*
   255 F.3d 397 (7th Cir. 2001) .......................................................................................3, 8

*United States v. Milam,*
   855 F.2d 739 (11th Cir. 1988) .........................................................................................6

*United States v. Rodriguez,*
   15 F.3d 408 (5th Cir. 1994) .............................................................................................6

*Willard v. Fairfield S. Co., Inc.,*
   472 F.3d 817 (11th Cir. 2006) .........................................................................................5

*Wright v. Hanna Steel Corp.,*
   270 F.3d 1336 (11th Cir. 2001) ...................................................................................7, 8


Statutes and Rules

11 U.S.C. § 553(a) ..................................................................................................................3

Fed. R. App. P. 28..................................................................................................................9

Fed. R. Bankr. P. 8009(a)(3)..................................................................................................9

Other Authorities

*Black's Law Dictionary*, 999 (6th ed. 1990)..........................................................................7

Charles Alan Wright, *et al.*, 16AA *Federal Practice & Procedure*, § 3974.3
   (4th ed. 2008)..................................................................................................................1, 6

Joseph M. Perillo, *Calamari and Perillo on Contracts*, § 18.26 (5th ed. 2003)..........................3, 8

Restatement (Second) of Contracts, § 318(3) (1981) ................................................................3, 8

Appellant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "<u>FDIC-Receiver</u>"), respectfully submits this memorandum of points and authorities in opposition to the motion that was filed by appellees The Colonial BancGroup, Inc. (the "<u>Debtor</u>") and its Official Committee of Unsecured Creditors (the "<u>Committee</u>") (together, the "<u>Moving Appellees</u>") to strike certain parts of the FDIC-Receiver's reply brief on this appeal.[1]

## PRELIMINARY STATEMENT

The Moving Appellees belatedly have realized that their position on this appeal is legally untenable. Without citation to any supporting authority, their opposition brief centered on the premise that the FDIC-Receiver's liability for the deposit balances at issue was "discharged" or "extinguished" by operation of the FDIC-Receiver's purchase and assumption agreement with BB&T. This assertion ignores black letter contract law, as the FDIC-Receiver showed in its reply. As a result, the Moving Appellees now ask this Court to blind itself to an incontrovertible principle of law in a last desperate effort to stave off reversal. The motion to strike should be denied.

Courts and commentators alike have recognized that a reply brief is most useful to the court when it responds to a point or issue raised in an appellee's opposition brief, as was the case here. *See* Charles Alan Wright, *et al.*, 16AA *Federal Practice and Procedure*, § 3974.3 (4th ed. 2008). Even accepting the Moving Appellees' portrayal of the facts, however, there could be no finding of waiver. Appellate briefs are to be "read liberally to ascertain the issues raised on appeal." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) (collecting cases). Here, the FDIC-Receiver unquestionably preserved its ability to make this Court aware on reply of the established rule of contract law that an obligor is not discharged from its contractual

---

[1] As a result of the June 2, 2011 order of the bankruptcy court confirming the Debtor's plan of liquidation, the Committee no longer exists.

obligation through the delegation of that obligation to a third-party. *See, e.g., Nat'l Ass'n of Boards of Pharmacy v. Board of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1309 n.25 (11th Cir. 2011) (rejecting waiver argument). The FDIC-Receiver's position has been consistent on appeal and, indeed, throughout these proceedings that it retained liability under the purchase and assumption agreement with BB&T for the deposit balances at issue as pre-petition obligations of Colonial Bank. The settled rule that an obligor retains liability following a unilateral delegation of its contractual obligation is merely another facet of the same argument.

Similarly unavailing is the Moving Appellees' argument that this established proposition of law should be disregarded because it was not raised below. Application of this "rule of practice" is a matter of an appellate court's discretion. *See Dean Witter Reynolds Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984). As Justice Black admonished, such "[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941). Appellate courts therefore will "consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Dean Witter*, 741 F.2d at 360-61 (citations omitted). As the Eleventh Circuit has recognized, "[a]ny wrong result resting on the erroneous application of legal principles is a miscarriage of justice in some degree." *Roofing & Sheet Metal Svcs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir. 1982). The Court's "duty to apply the correct law" militates strongly against the relief sought by the Moving Appellees. *Id.* (citation omitted).

The motion to strike therefore should be denied on both grounds advanced by the Moving Appellees. Whether or not those appellees should be allowed a surreply to address the issue challenged in their motion is left to this Court's sound discretion. The FDIC-Receiver takes no

position on that request but respectfully requests leave to respond in a filing of no more than three pages to any such surreply should one be permitted.

## ARGUMENT

## THE MOTION TO STRIKE SHOULD BE DENIED

### I. THE FDIC-RECEIVER DID NOT WAIVE THE ARGUMENT AT ISSUE IN ITS APPELLATE BRIEFING

Appellate courts follow a rule of practice that "[i]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994). In applying this rule, however, "briefs should be read liberally to ascertain the issues raised on appeal." *Id.* (citations omitted). Here, the FDIC-Receiver's initial brief appropriately "designated" the issue that the Moving Appellees claim was raised for the first time in the FDIC-Receiver's reply.

The Moving Appellees request this Court to strike the FDIC-Receiver's argument in its reply brief that "[a] party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place . . ." and, as a result, the original obligor "remains ultimately liable until discharged by performance or otherwise." *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 175 n.3 (Bankr. E.D. Va. 1993). This principle is "entrenched in the law of contracts." *Transp. & Transit Assocs. v. Morrison Knudsen Corp.*, 255 F.3d 397, 400 (7th Cir. 2001); *see* Restatement (Second) of Contracts, § 318(3) (1981); Joseph M. Perillo, *Calamari and Perillo on Contracts*, § 18.26 (5th ed. 2003).

Contrary to the arguments advanced by the Moving Appellees, the FDIC-Receiver's initial brief on appeal sufficiently "designated" this issue. The first "Question Presented" in that brief was the following:

> Section 553(a) of the Bankruptcy Code permits a creditor to setoff a claim that arose before the commencement of the case against a debt that

3

> arose before the commencement of the case. Before the commencement of its case, the Debtor established the deposit balances at issue, which were a pre-petition debt of Colonial Bank to which the FDIC-Receiver succeeded by operation of law. *Did the lower court commit legal error in holding that the debt that the FDIC-Receiver sought to setoff would be deemed to arise after the petition date, thereby barring setoff, solely due to a post-petition instruction to be provided by the FDIC-Receiver to the assuming bank under a purchase and assumption agreement?* This question is subject to *de novo* review.

FDIC-Receiver Br. at 2 (emphasis added). Similarly, the second "Question Presented" asked the following:

> In the purchase and assumption agreement, the FDIC-Receiver retained the right to inform the assuming bank that all or a portion of any depositor's deposit balance was never assumed under that agreement. Did the bankruptcy court misread the provisions of the contract in holding that this provision *would merely permit the FDIC-Receiver to "unwind" an assumption of liability for a debtor's deposit balance despite unambiguous language in the applicable provisions that is directly contrary to that holding*? This question is subject to *de novo* review.

*Id.* (emphasis added)

In both of these questions presented, the FDIC-Receiver assigned error to the bankruptcy court's conclusion that the FDIC-Receiver would be incurring a new, post-petition debt by issuing the requested instruction to BB&T under the purchase and assumption agreement. The FDIC-Receiver's position has been consistent that the debt at issue arose only once, when the Debtor parted with title to its funds in return for the promise of Colonial Bank to repay them, and that occurred before the Debtor's bankruptcy petition date. *See* FDIC-Receiver Br. at 18-24. Further, the FDIC-Receiver expressly asserted in its initial brief that mutuality of obligation has always existed between the Debtor and the FDIC-Receiver as evidenced by the Debtor's assertion of a claim against the FDIC-Receiver for the very same deposit balances that were at issue on the FDIC-Receiver's motion in the bankruptcy court. *See id.* at 18.

4

The Moving Appellees were provided ample notice of the FDIC-Receiver's position in its opening brief and had an opportunity to respond to it. As *Allstate* and its progeny make clear, the fact that an additional, incontrovertible principle of law further supports that position did not need to be expressly identified in the FDIC-Receiver's opening brief in order to be preserved. *See, e.g., Nat'l Ass'n of Boards of Pharmacy v. Board of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1309 n.25 (11th Cir. 2011) (argument that was not expressly made in party's appellate briefs was not waived where the briefs "brought forward the basic facts necessary to address this voluntary cessation claim"); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1328 (11th Cir. 2010) ("The arguments Landstar makes in the cross-appeal are related to the question of whether on remand the District Court should revisit its order certifying the class, an issue Landstar raised in the cross-appeal."); *Eskra v. Provident Life & Accident Ins. Co.*, 125 F.3d 1406, 1418 (11th Cir. 1998) (denying motion to strike reply where "Provident addressed the implied contract issue in its initial brief within the argument on jury instructions. Eskra was provided an opportunity to respond in his initial brief."); *Bouchard Transp. Co. v. Florida Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 n.3 (11th Cir. 1996) (where party implicitly raised argument in initial brief issue was not waived).[2]

---

[2] The Moving Appellees do not cite, much less attempt to distinguish, the Eleventh Circuit's controlling decision in *Allstate*. The authorities cited by the Moving Appellees are easily distinguished. In *Willard v. Fairfield S. Co., Inc.*, 472 F.3d 817, 825 n.4 (11th Cir. 2006), the appellant argued in his reply brief that the defendant was his "employer" under FELA whereas in his opening brief he had argued that the defendant was the "alter ego" of his employer, an entirely different argument. In *Tallahassee Mem. Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987), the Eleventh Circuit considered the argument at issue even after purporting to strike it from the reply brief on the ground that the reply brief would be deemed a motion to vacate for lack of jurisdiction. In *Alexander v. Delong, Caldwell, et al. (In re Terry Mfg. Co., Inc.)*, No. 2:07-cv-0620, 2007 WL 4287366, at*3 (M.D. Ala. Dec. 5, 2007), the district court considered a motion to dismiss an appeal, not the merits briefs, and refused to consider a new factual argument raised by the moving appellee in its reply. None of these decisions concerned a point of law, such as the one at issue here, that is entirely consistent with,

To the contrary, a reply brief on appeal "is the best vehicle for narrowing the true issues, and is especially important -- and called for -- when a new point or issue . . . is raised in the appellee's brief."  *United States v. Rodriguez*, 15 F.3d 408, 414 n.7 (5th Cir. 1994); *see* Charles Alan Wright, *et al.*, 16AA *Federal Practice & Procedure*, § 3974.3 ("Because a reply brief is allowed in order to address new issues raised in the appellee's brief, it may be an important means of assisting the court.").  In this instance, the Moving Appellees' contention that the operation of the purchase and assumption agreement "extinguished" or "discharged" the FDIC-Receiver's pre-petition obligation to the Debtor was such a new point, and it is legally wrong.  In its reply brief, therefore, the FDIC-Receiver appropriately identified the legal principle that demonstrates the error in the Moving Appellees' argument.

## II. AN APPELLATE COURT MAY, AND MUST, CONSIDER A PERTINENT QUESTION OF LAW EVEN IF NOT RAISED IN THE PROCEEDINGS BELOW

The Moving Appellees' alternative argument, that the Court should blind itself to a relevant legal principle because it was not raised in proceedings below, is equally without merit. In advancing that argument, the Moving Appellees once again ignore governing Eleventh Circuit precedent.

"The decision whether to consider an argument first made on appeal . . . is 'left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.'" *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (quoting *Roofing & Sheet Metal Svcs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982)).  The Eleventh Circuit has recognized several circumstances in which appellate courts will consider

---

if not a component of, the principal issues identified in the appellant's opening brief. *Compare United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (question of whether sanction imposed was excessive is a distinct issue from whether the party's behavior warranted sanctions at all).

such an issue, including particularly when an issue "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Dean Witter*, 741 F.2d at 360-61 (citations omitted).

"A 'miscarriage of justice' is a '[d]ecision or outcome of [a] legal proceeding that is prejudicial or inconsistent with [the] substantial rights of [a] party." *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1342 n.8 (11th Cir. 2001) (quoting *Black's Law Dictionary*, 999 (6th ed. 1990)). As the Eleventh Circuit has observed, "[a]ny wrong result resting on the erroneous application of legal principles is a miscarriage of justice in some degree." *Roofing & Sheet Metal Svcs.*, 689 F.2d at 990; *see, e.g. Wright*, 270 F.3d at 1342 ("The construction and application of the statutes in this case involve pure questions of law. Our refusal to consider the [] issue would result in a miscarriage of justice."); *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1561 n.11 (11th Cir. 1995) (contention not raised until oral argument considered by appellate court where argument raises "an important question of law and the interest of substantial justice is at stake").

Further, the principle that an appellate court should consider pure questions of law even if not raised in proceedings below is consistent with the duty of appellate courts "to apply the correct law." *Roofing & Sheet Metal Svcs.*, 689 F.2d at 990 (citing *Empire Life Ins. Co. of Am. v. Valdak Corp.*, 468 F.2d 330, 334 (5th Cir. 1972)). As the Supreme Court has recognized,

> Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice.

*Hormel v. Helvering*, 312 U.S. 552, 557 (1941) (Black, J.).

In this case, the issue challenged by the Moving Appellees in their motion to strike presents a pure question of law. As a matter of law, an obligor under a contract may not unilaterally "discharge" or "extinguish" its contractual obligations by delegating them to a third party. To the contrary, the counterparty may continue to seek satisfaction if the party to whom the obligation has been delegated fails to perform. This principle is set forth in the Restatement (Second) of Contracts, *see* Restatement (Second) of Contracts § 318(3), is discussed by Professor Perillo in his well-known treatise, *see Calamari & Perillo on Contracts*, § 18.26, and has been recognized by Judge Easterbrook to be "entrenched in the law of contracts." *Transp. & Transit Assocs.*, 255 F.3d at 400.[3]

Any appellate ruling that credited the Moving Appellees' unsupported assertion that the FDIC-Receiver's liability to the Debtor for the deposit balances at issue was "discharged" or "extinguished" by operation of the purchase and assumption agreement with BB&T would contradict this well-settled legal principle and would constitute a "miscarriage of justice" within the Eleventh Circuit's definition of that term. *See Wright*, 270 F.3d at 1342; *Roofing & Sheet Metal Svcs.*, 689 F.2d at 990.[4]

---

[3] No such pure question of law was at issue in either of the Eleventh Circuit decisions cited by the Moving Appellees. Indeed, in *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), the court explained that "as an appellate court with no fact finding mechanism, and, indeed, without any factual averments made in the trial court, we are naturally hesitant to consider this claim." *See also Irving v. Mazda Motor Corp.*, 136 F.3d 764, 768-69 (11th Cir. 1998) (refusing to consider new theory of defective product design). The other decision cited by the Moving Appellees was issued by the Seventh Circuit, which unlike this Court is not bound by the Eleventh Circuit precedents that are discussed in the text. *See Busson-Sokolik v. Milwaukee Sch. of Eng'g (In re Busson-Sokolik)*, 635 F.3d 261 (7th Cir. 2011).

[4] Even were this Court unwilling to exercise its discretion, a more appropriate course would be to remand this appeal to the bankruptcy court for reconsideration of its rulings in view of the issue rather than granting the Moving Appellees' motion to strike. *See, e.g., Empire Life Ins.*, 468 F.2d at 334.

**III.    THE FDIC-RECEIVER SHOULD BE PERMITTED TO RESPOND TO ANY SURREPLY THAT THIS COURT MIGHT ALLOW**

The FDIC-Receiver takes no position on the Moving Appellees' alternative request for leave to file a surreply to respond to the issue that is the subject of their motion. If the Court grants such a request, however, the FDIC-Receiver respectfully requests leave to file a further reply to any such submission of no longer than three pages. This procedure is more in keeping with the applicable rules, which provide for the appellant to file the final brief on appeal. *See* Fed. R. Bankr. P. 8009(a)(3); Fed. R. App. P. 28.

## **CONCLUSION**

The FDIC-Receiver respectfully submits that the motion to strike should be denied. If the Court grants the Moving Appellees' request for leave to file a surreply, then the FDIC-Receiver respectfully requests leave to file a further reply to such a filing of no longer than three pages.

Dated:  Montgomery, Alabama
       June 13, 2011

Respectfully submitted,

/s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz, Hughes & Hill LLC
1784 Taliaferro Trail, Suite A
Montgomery, Alabama  36117
(334) 215-4422
Email:  michael@fritzandhughes.com

- and -

John J. Clarke, Jr.
Thomas R. Califano
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
212-335-4500
Email:  john.clarke@dlapiper.com
        thomas.califano@dlapiper.com

Attorneys for the
Federal Deposit Insurance Corporation
as Receiver for Colonial Bank

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies he is one of the attorneys for defendant FDIC-Receiver and that on June 13, 2011, a true and correct copy of the foregoing document was filed with this Court's ECF system in this action, which will cause the electronic service of this document upon all persons registered in this action to receive CM/ECF notifications as of its filing to include the following:

| | |
|---|---|
| **C. Edward Dobbs**<br>Parker, Hudson, Rainer & Dobbs, LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, NE<br>Atlanta, GA 30303<br>Email: ced@phrd.com | **Alan R. Glickman**<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Email: alan.glickman@srz.com |
| **J. David Freedman**<br>Parker, Hudson, Rainer & Dobbs, LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, NE<br>Atlanta, GA 30303<br>Email: jdf@phrd.com | **Brian T. Kohn**<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Email: brian.kohn@srz.com |
| **Rufus T. Dorsey IV**<br>Parker, Hudson, Rainer & Dobbs, LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, NE<br>Atlanta, GA 30303<br>Email: rtd@phrd.com | **Brian D. Pfeiffer**<br>Schulte Roth & Zabel<br>919 Third Avenue<br>New York, NY 10022<br>Email: brian.pfeiffer@srz.com |
| **Mark Douglas Griffin**<br>State of Alabama Dept. of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001<br>Email: mark.griffin@revenue.alabama.gov | **Derek Firth Meek**<br>Burr & Forman LLP<br>420 North 20th Street Suite 3400<br>Birmingham, AL 35203<br>Email: dmeek@burr.com |
| **Nicholas Christian Glenos**<br>Bradley Arant Boult Cummings LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Email: cglenos@ba-boult.com | **Marc Peter Solomon**<br>Burr & Forman LLP<br>420 North 20th St., Suite 3400<br>Birmingham, AL 35203<br>Email: msolomon@burr.com |

| | |
|---|---|
| **Thomas Parker Griffin , Jr.** | **Robert Barton Rubin** |
| Bradley Arant Boult Cummings,LLP | Burr & Forman LLP |
| 1819 5th Avenue North | 420 North Twentieth Street 3 |
| Birmingham, AL 35203 | Birmingham, AL 35203 |
| Email: pgriffin@babc.com | Email: brubin@burr.com |

    /s/ Michael A. Fritz, Sr.
    Michael A. Fritz, Sr.