## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>THE COLONIAL BANCGROUP, INC.,<br><br>Debtor.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,<br><br>Appellant<br><br>v.<br><br>THE COLONIAL BANCGROUP, INC., et al.,<br><br>Appellees. | Case No. 2:11-cv-0133 (MHT)<br><br>**Bankruptcy Appeal** |

### SUBMISSION OF THE COLONIAL BANCGROUP, INC. IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE FDIC'S REPLY BRIEF

C. Edward Dobbs
Rufus T. Dorsey, IV
J. David Freedman
**PARKER, HUDSON, RAINER & DOBBS LLP**
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone:  404-523-5300
Facsimile:  404-522-8409

*Attorneys for the Debtor,*
*The Colonial BancGroup, Inc.*

Dated:  June 13, 2011

Appellee The Colonial BancGroup, Inc. (the "Debtor") respectfully files this submission in response to the Court's order of June 3, 2011 [Doc. No. 32] directing that all briefing with respect to the motion to strike [Doc. No. 31] (the "Motion") portions of the reply brief [Doc. No. 30] (the "Reply") of the Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC") be filed by June 13, 2011.

The Debtor first wishes to inform the Court that, as a result of the bankruptcy court's confirmation of the Debtor's Chapter 11 plan of liquidation, the Official Committee of Unsecured Creditors (the "Committee") no longer exists and will not be submitting any further briefing on the Motion or this appeal more generally.[1]

The Debtor maintains its request set forth in the Motion that the Court strike the FDIC's new argument in its Reply brief that the Debtor's bank accounts were only "delegated" to Branch Banking & Trust Company ("BB&T")—not transferred to and assumed by BB&T as found by the bankruptcy court and as adamantly asserted by BB&T—and that the FDIC, as a "surety," only wishes now to "revoke its delegation." (Reply at 1, 3-5). In support of its position, the Debtor relies on the arguments and citations of authority in the Motion. The Debtor further notes that a simple word search of the record demonstrates that neither the authorities cited by the FDIC nor the words "delegate," "delegation," "surety" or "revocation" appear in the FDIC's opening brief [Doc No.15] or, for that matter, in the record before the bankruptcy court

---

[1] The Debtor filed the Motion jointly with the Committee. After the filing of the Motion, the bankruptcy court entered an order confirming the Debtor's Chapter 11 plan of liquidation. Under the terms of the plan, the Committee ceases to exist or function once the plan becomes "effective" (except to perform such limited functions necessary to wind down its role in the bankruptcy case). On June 3, 2011, the plan became effective, and the Committee therefore ceased to exist or function.

1

(with the sole exception being the FDIC's use at the bankruptcy court level of the word "delegated" in an unrelated context).[2]

For all of the reasons set forth in the Motion, the Debtor respectfully requests that the FDIC's new argument be stricken.  In the alternative, the Debtor renews its request for leave to file a sur-reply to respond to this argument.


DATED:  June 13, 2011

                                     Respectfully submitted,

                                     /s/ Rufus T. Dorsey, IV
                                     C. Edward Dobbs
                                     Rufus T. Dorsey, IV
                                     J. David Freedman
                                     **PARKER, HUDSON, RAINER & DOBBS LLP**
                                     1500 Marquis Two Tower
                                     285 Peachtree Center Avenue, N.E.
                                     Atlanta, Georgia  30303
                                     Telephone:  404-523-5300
                                     Facsimile:  404-522-8409

                                     *Attorneys for the Debtor*

---

[2]  The FDIC used the term "delegated" before the bankruptcy court in a manner wholly unrelated to the new argument now advanced in the Reply.  Based on a word search conducted by the Debtor, the term "delegated" appears no more than three separate times in the record below to explain a noncontroversial proposition of federal banking law—that federal bank regulators "delegate" certain functions to other entities or agents within the federal bank regulatory system, such as the Board of Governors of the Federal Reserve System's delegation of certain regulatory functions to the various Federal Reserve Banks.  *See, e.g.,* 12. C.F.R. § 265.11 (entitled, "Functions delegated to Federal Reserve Banks").  The items in the record are as follows—Bankr. Doc. No. 156 at p. 66 of 111 (regulatory order states that the order was issued "Pursuant to delegated authority"); Bankr. Doc. No. 728 at p. 48 of 53 (arguing that alleged capital maintenance commitments were made "to the Federal Reserve Board or, acting through its delegated authority, the Atlanta Fed");  and Hearing Transcript, May 26, 2010, at p. 33:19-22 (arguing that the Debtor made "several commitments to the Board of Governors of the Federal Reserve system through its delegated authority to the Federal Reserve Bank of Atlanta").

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on June 13, 2010, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing, addressed as follows:

Alan R. Glickman (alan.glickman@srz.com)

Brian D. Pfeiffer (brian.pfeiffer@srz.com)

Brian T. Kohn (brian.kohn@srz.com)

C. Edward Dobbs (ced@phrd.com)

Derek F. Meek (dmeek@burr.com)

J. David Freedman (jdf@phrd.com)

John J. Clarke, Jr. (john.clarke@dlapiper.com)

Marc P. Solomon (msolomon@burr.com)

Mark D. Griffin (mark.griffin@revenue.alabama.gov)

Michael A. Fritz, Sr. (bankruptcy@fritzandhughes.com)

N. Christian Glenos (cglenos@ba-boult.com)

Robert B. Rubin (brubin@burr.com)

T. Parker Griffin, Jr. (pgriffin@babc.com)

Thomas R. Califano (thomas.califano@dlapiper.com)

/s/ Rufus T. Dorsey, IV
Rufus T. Dorsey, IV

*Attorney for the Debtor*