IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE THE COLONIAL BANCGROUP, INC., </br></br>  Debtor. | )</br>)</br>)</br>)</br>) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,</br></br>  Appellant,</br></br>     v.</br></br>THE COLONIAL BANCGROUP, INC., et al.,</br></br>  Appellees, | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) | </br></br></br></br></br>CIVIL ACTION NO.</br>   2:11cv133</br>     (WO) |

ORDER

This court having vacated the bankruptcy court's 'setoff' opinion and orders of January 24 and 25, 2011, which found that appellant Federal Deposit Insurance Corporation, in its capacity as receiver for Colonial Bank, had no right of setoff, it is ORDERED that there is no longer a need to extend the stay entered December 30, 2011 (Doc. No. 55).  Because the January 24 and 25

opinion and orders have been vacated, the parties are back where they were just prior of January 24 (subject to the consent order of January 28, 2011), with the result that the status quo is preserved and with appellee Colonial BancGroup, Inc. having no access to the demand-deposit accounts at issue (beyond the agreed-to January 28 consent order) until the bankruptcy court has had an opportunity to reconsider its January 24 and 25 opinion and orders.

    DONE, this the 4th day of January, 2012.

                                     /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE